Peter H. Christensen (#5453)
John M. Zidow (#10626)
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: 801-532-7080
Facsimile: 801-596-1508
pchristensen@strongandhanni.com
jzidow@strongandhanni.com
*Attorneys for Defendant Jonathan Mitchell*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, SOUTHERN REGION OF THE CENTRAL DIVISION**

| | |
|---|---|
| ROBERT CARL WARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ADIL AHMED NESIBO, an individual; WERNER ENTERPRISES, INC., a foreign corporation, DOE INDIVIDUALS I through X, and ROE ENTITIES I through X, Inclusive,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>Civil No: 4:22-cv-00054-DN<br>Judge: David Nuffer |

Defendant, WERNER ENTERPRISES, INC. ("Werner"), by and through counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby timely gives notice of timely removal of this action to the United Stated District Court for the District of Utah, Southern Region of the Central Division. In addition to removing this matter, Werner specifically reserves the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for removal, Werner states as follows:

## INTRODUCTION

1. Plaintiff filed his Complaint against Werner on June 6, 2022, in the Fifth Judicial District Court of Washington County, State of Utah.

2. Werner's counsel accepted service on behalf of his client on July 22, 2022.

3. Accordingly, the Notice of Removal is timely filed within 30 days of receipt of the Complaint, which is the first pleading from which Werner could ascertain that the case is properly removable in accordance with the provisions of 28 U.S.C. § 1446(b).

4. The United States District Court for the District of Utah, Southern Region of the Central Division, is the Court and Division embracing the place where this action is pending in state court.

5. Pursuant to 28 U.S.C. § 1446, a true and correct copy of all pleadings in Werner's possession that have been filed in the state court pertaining to the matter as of this date, including the Acceptance of Service and Complaint, is attached hereto collectively as **Exhibit 1.**

6. As set forth more fully below, this case is properly removable, and Werner invokes this Court's jurisdiction because complete diversity exists among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY JURISDICTION

7. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> **(a) Generally.**
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> **(b) Removal Based on Diversity of Citizenship.**
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

8. This action is properly removable under 28 U.S.C. § 1441 (a) and (b) because the United States District Court has jurisdiction over this case under 28 U.S.C. § 1332(a), which provides in pertinent part as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States ….

9. Plaintiff is a resident of Alabama and is therefore a citizen of Alabama. *See* Complaint at ¶ 1. Werner, on information and belief, understands Plaintiff to be domiciled in the state of Alabama.

10. Defendant Adil Ahmed Nesibo ("Nesibo") is a resident of California and is therefore a citizen of California. *See* Complaint at ¶ 2. Nesibo is domiciled in the state of California.

11. Werner is a corporation formed under the laws of the state of Nebraska and has a principal place of doing business in the state of Nebraska.

12. Thus, the diversity of citizenship requirement is met in this case.

**AMOUNT IN CONTROVERSY**

13. The amount in controversy in this action exceeds $300,000.00 exclusive of interest

and costs.

14. Plaintiff filed this action for personal injuries and alleges that Werner is vicariously liable for Nesibo's alleged breach of certain duties of reasonable care in connection with an automobile accident, resulting in Plaintiff's injury. Plaintiff's Complaint seeks general and special damages, more than $300,000.00. *See* Complaint at ¶¶ 8, 18, 33, 49, 59.

15. In *McPhail v. Deere Co.*, 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit clarified a defendant's burden in meeting the amount in controversy requirement. The removing defendant must prove, by a preponderance of evidence, facts necessary to support its assertion that the case may involve more than $75,000. *Id.* at 955. "The amount in controversy is not proof of the amount plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Id.* at 957.

16. Plaintiff clearly stated in his Complaint that he is seeking damages "consistent with a Tier III election under Utah Rules of Civil Procedure 26." *See* Complaint at ¶¶ 8, 18, 33, 49, 59. Pursuant to Rule 8 of the Utah Rules of Civil Procedure, "[a] party who claims damages but does not plead an amount shall plead that their damages are such as to qualify for specified tier defined by Rule 26(c)(3)." Rule 26(c)(3) defines Tier III cases as those claiming damages in excess of $300,000. Further, Plaintiff's demand states he incurred $2,539,315.10 in total past and future special damages.

17. Given that Plaintiff designated this case as a Tier III action, claims more than $300,000.00 in damages, and states he suffered $2,539,315.10 in damages in his demand, it is apparent that the amount in controversy exceeds $75,000.00, the jurisdictional minimum. *See generally McPhail v. Deere & Comp.*, 529 F.3d 947, 956 (10th Cir. 2008) ("A complaint that

presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal").

## JURISDICTIONAL REQUIREMENTS

18. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

19. Werner has not previously removed this action and has therefore sought no similar relief.

20. Werner reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses, which may independently support a basis for removal.

21. Werner hereby notifies the Court that they have provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. §1446(d). Contemporaneously with the filing of this Notice of Removal, Defendant will file a copy of the same, along with a Notice of Filing Notice of Removal, with the Clerk of the Fifth Judicial District Court, State of Utah.

22. Werner hereby notifies the Court that all known defendants consent to this Notice of Removal.

## ADOPTION AND RESERVATION OF DEFENSES

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Werner's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other

pertinent defense available under the Rules of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

        DATED this 12th day of August 2022

                STRONG & HANNI

                /s/ *Peter H. Christensen*
                Peter H. Christensen
                John M. Zidow
                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2022, true and correct copy of the foregoing was served by the method indicated below on the following:

| | | |
|---|---|---|
| Timothy A. Mott | (X) | Electronic Filing Notification |
| Nathan D. Quist | ( ) | U.S. Mail, Postage Prepaid |
| VALIENTE MOTT, LTD | ( ) | Hand Delivered |
| 2975 W. Executive Parkway | ( ) | Overnight Mail |
| Lehi, UT 84043 | ( ) | Facsimile |
| *Attorney for Plaintiff* | (X) | Email |

/s/ Elizabeth White