# EXHIBIT 1

```
                    FIFTH DISTRICT COURT-ST GEORGE
                    WASHINGTON COUNTY, STATE OF UTAH


              ROBERT CARL WARD vs. ADIL AHMED NESIBO et al.
CASE NUMBER 220500369 Automobile Tort
_____

CURRENT ASSIGNED JUDGE
        JEFFREY C WILCOX


PARTIES
        Plaintiff - ROBERT CARL WARD
        Represented by: NATHAN QUIST
        Represented by: TIMOTHY MOTT


        Defendant - ADIL AHMED NESIBO


        Defendant - WERNER ENTERPRISES INC



ACCOUNT SUMMARY
                Total Revenue Amount Due:        625.00
                             Amount Paid:        625.00
                           Amount Credit:          0.00
                                 Balance:          0.00
        REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
                     Original Amount Due:        375.00
                      Amended Amount Due:        375.00
                            Amount Paid:         375.00
                          Amount Credit:           0.00
                                Balance:           0.00

        REVENUE DETAIL - TYPE: JURY DEMAND - CIVIL
                     Original Amount Due:        250.00
                      Amended Amount Due:        250.00
                            Amount Paid:         250.00
                          Amount Credit:           0.00
                                Balance:           0.00



CASE NOTE



PROCEEDINGS
06-07-2022   Filed: Complaint
06-07-2022   Filed: SUMMONS (Adil Ahmed Nebiso)
06-07-2022   Filed: Summons (Werner Enterprises, Inc.)
06-07-2022   Case filed by efiler
06-07-2022   Fee Account created Total Due: 375.00
06-07-2022   Fee Account created Total Due: 250.00
06-07-2022   COMPLAINT - NO AMT S Payment Received:   375.00
06-07-2022   JURY DEMAND - CIVIL Payment Received:   250.00
06-07-2022   Judge JEFFREY C WILCOX assigned.


08-12-2022 12:40 PM                                         Page 1 of 2
```

```
06-07-2022   Filed: Return of Electronic Notification
08-05-2022   Filed: Affidavit/Declaration Affidavit of Service regarding
             Adil Ahmed Nesibo
08-05-2022   Filed: Return of Electronic Notification
```

TIMOTHY A. MOTT, ESQ. (#16109)
*tim@valientemott.com*
NATHAN D. QUIST, ESQ. (#16143)
*nate@valientemott.com*
**VALIENTE MOTT, LTD.**
2975 W. Executive Parkway
Lehi, UT 84043
Tel: (385) 999-2999
Fax: (385) 999-2999
Attorneys for Plaintiffs

**IN THE FIFTH JUDICIAL DISTRICT COURT
WASHINGTON COUNTY, STATE OF UTAH**

| | |
|---|---|
| ROBERT CARL WARD, an individual, <br><br> Plaintiff, <br><br> v. <br><br> ADIL AHMED NESIBO, an individual; WERNER ENTERPRISES, INC., a foreign corporation, DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, Inclusive, <br><br> Defendants. | **SUMMONS** <br><br> Case No.: <br> Judge Name: |

**TO:**     **WERNER ENTERPRISES, INC.
14507 Frontier Road
Omaha, Nebraska 68138**

**THE STATE OF UTAH TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file an answer in writing to the attached Complaint with the clerk of the above-named court, Clerk of the Fifth Judicial District Court, 206 West Tabernacle, Suite 100, St. George, UT 84770, and to serve upon or mail to Plaintiff's attorney at the above address, a copy of your answer within twenty-one (21) days after the service of the Summons upon you.

1

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint which has been filed with the clerk of the court and a copy of which is hereto annexed and herewith served upon you.

DATED this __6th__ day of June 2022.

                                              **VALIENTE MOTT, LTD.**

                                              */s/ Nathan D. Quist*
                                              TIMOTHY A. MOTT, ESQ.
                                              NATHAN D. QUIST, ESQ.
                                              Attorney for Plaintiffs

| | |
|---|---|
| TIMOTHY A. MOTT, ESQ.<br>Utah Bar No. 16109<br>NATHAN D. QUIST, ESQ.<br>Utah Bar No. 16143<br>**VALIENTE MOTT, LTD.**<br>2975 W. Executive Parkway<br>Lehi, UT 84043<br>Tel.: (385) 999-2999<br>Fax: (385) 999-2999<br>Attorneys for Plaintiff | **IF YOU DO NOT RESPOND<br>TO THIS DOCUMENT WITHIN<br>APPLICABLE TIME LIMITS,<br>JUDGMENT COULD BE<br>ENTERED AGAINST YOU<br>AS REQUESTED.** |

### IN THE FIFTH JUDICIAL DISTRICT COURT
### WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| ROBERT CARL WARD, an individual,<br><br>    Plaintiff,<br><br>        v.<br><br>ADIL AHMED NESIBO, an individual;<br>WERNER ENTERPRISES, INC., a foreign<br>corporation, DOE INDIVIDUALS I through X;<br>and ROE ENTITIES I through X, Inclusive,<br><br>    Defendants. | **COMPLAINT**<br><br>Case No.:<br>Judge Name: |

Plaintiff, ROBERT CARL WARD, by and through his attorneys of record of the law firm VALIENTE MOTT LTD., for his causes of action against Defendant ADIL AHMED NESIBO, individually, and Defendant WERNER ENTERPRISES, INC. (collectively referred to hereinafter as "Defendants"), and each of them, complains and alleges as follows:

### PARTIES

1. Plaintiff, ROBERT CARL WARD ("Plaintiff"), at all times herein mentioned, is and was a resident of Birmingham, State of Alabama.

1

2. Upon information and belief, at the time of the incident on November 9, 2020, Defendant, ADIL AHMED NESIBO ("NESIBO"), was a resident of Kern County, State of California.

3. Upon information and belief, at the time of the incident on November 9, 2020, Defendant, WERNER ENTERPRISES, INC. ("WERNER ENTERPRISES"), was a Nebraska entity, authorized to conduct and do business in Washington County, State of Utah, by the Utah Secretary of State.

4. Upon information and belief, at all times relevant hereto, Defendant NESIBO was an employee and/or agent and/or contractor and/or representative of Defendant WERNER ENTERPRISES.

5. The identity of resident and non-resident defendants designated herein as DOE INDIVIDUALS I through X and ROE CORPORATIONS I through X, in their true capacities, whether individual, corporate, associate or otherwise of the Defendants named herein are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOE INDIVIDUALS I through X and/or ROE CORPORATIONS I through X are responsible in some manner for the events and happenings referred to herein and proximately caused or contributed to damages to Plaintiff as herein alleged. To the extent Plaintiff did not name a correct entity, Plaintiff will move to amend this Complaint to insert the true names and capacities of DOE INDIVIDUALS I through X and ROE ENTITIES I through X when the same have been ascertained and to join such Defendants in this action.

**VENUE AND JURISDICTION**

5. The injuries giving rise to this Complaint occurred in Washington County, Utah, and thus venue is appropriate in the above-referenced court pursuant to Utah Code Ann. 78B-3-307.

6. This action is civil in nature and jurisdiction is conferred pursuant to Utah Code Ann. 78A-5-102.

2

7. The events giving rise to this Complaint occurred on November 9, 2020, and this Complaint is filed within four years of the event.

## TIER ELECTION

8. Plaintiff claims damages consistent with a Tier III election under Utah Rules of Civil Procedure 26.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates and realleges the preceding paragraphs as though fully set for herein.

9. This lawsuit stems from a violent accident that could have been avoided. On November 9, 2020, Plaintiff was severely injured when the semi-truck Defendant NESIBO was operating side-swiped Plaintiff's semi-truck with such force it caused Plaintiff to fall off his sleeper and severely injure his lower back and hips ("SUBJECT INCIDENT").

10. As a result of the subject incident, Plaintiff sustained significant injuries and impairments.

11. At the time of the incident, Plaintiff was standing on the lower bunk in the sleeper portion of his 2019 International Tractor Trailer ("Plaintiff's Vehicle"), attempting to obtain an item from the top bunk.

12. At the time of the incident, Defendant NESIBO was operating a tractor trailer of an unknown make and model, pulling a trailer commonly known as a "dry van" in the tractor trailer industry.

13. Upon information and belief, the tractor trailer that Defendant NESIBO was operating at the time of the collision was owned by Defendant WERNER ENTERPRISES ("Defendants' Vehicle").

14. Upon information and belief, at all times relevant hereto, Defendant NESIBO was operating Defendants' Vehicle within the course and scope of his employment/agency with Defendant WERNER ENTERPRISES.

/ / /

15. Upon information and belief, at the time of the subject incident, Defendant NESIBO had permission, authority, and/or consent, whether express or implied, from Defendant WERNER ENTERPRISES to operate Defendants' Vehicle during the time the subject incident occurred.

16. Defendant WERNER ENTERPRISES is vicariously liable for the damages caused by their employee/agent's actions and negligence.

17. At all times relevant hereto, Defendant WERNER ENTERPRISES was the owner, partner, servant, officer, agent, and employee of all the other Defendants, and each of them, and were at all relevant times acting within the scope and performance of said partnership, agency, master/servant, and employment relationship.

18. That as a direct and proximate result of the negligence of Defendants, and each of them, a traffic collision occurred and Plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling, and is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, relating to his injuries, all of which are damages recoverable, in an amount such as to qualify for Tier III as defined by URCP 26(c)(3).

19. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered physical impairment, mental anguish, and loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in a presently unascertainable amount.

20. That as a further direct and proximate result, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

21. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

/ / /

/ / /

/ / /

4

## FIRST CAUSE OF ACTION

### (Negligence – Against All Defendants)

22. Plaintiff incorporates and realleges the preceding paragraphs as though fully set for herein.

23. Plaintiff alleges that at all relevant times, including at the time of impact, he was acting reasonably and acting lawfully as the operator of his vehicle.

24. Plaintiff alleges that at all times mentioned herein Defendant NESIBO was operating Defendants' Vehicle at the time of the subject incident resulting in Plaintiff's injuries.

25. Plaintiff alleges that at all times mentioned herein Defendant NESIBO owed a duty of care to Plaintiff to operate, drive, control, service and maintain Defendants' Vehicle in a reasonably safe manner.

26. Plaintiff alleges that, at the time of the subject incident, Defendant NESIBO breached his duty of care owed to Plaintiff by negligently and carelessly operating Defendants' Vehicle in an unsafe manner causing his semi-truck to collide into the driver-side of Plaintiff's vehicle, which resulted in Plaintiff's injuries.

27. Plaintiff alleges that, at all times mentioned herein, Defendants, and each of them, owed a duty of care to Plaintiff to operate, drive, and control the subject vehicle in a reasonably safe manner.

28. Plaintiff alleges that, at all times mentioned herein, Defendants, and each of them, breached that duty of care to owed to Plaintiff by negligently and carelessly operating his vehicle in an unsafe manner causing his vehicle to collide into the driver-side of Plaintiff's vehicle.

29. Plaintiff alleges that, at all times mentioned herein, because of Defendants, and each of their negligence and careless operation of the subject vehicle, Plaintiff sustained severe and debilitating injuries.

30. Plaintiff alleges that, at the time of the subject incident, Defendant NESIBO was operating Defendants' Vehicle in a reckless and dangerous manner and in disregard for the rights and safety of foreseeable motorists and passengers such as Plaintiff.

5

31. Plaintiff alleges that, at the time of the subject incident, Defendant NESIBO was functioning within the course and scope of his employment with Defendant WERNER ENTERPRISES and, as a result, Defendant WERNER ENTERPRISES is vicariously liable for Defendant NESIBO's negligence pursuant to the doctrine of respondeat superior liability.

32. Plaintiff is informed and believes, and thereon alleges that, at the time of the subject incident, Defendant NESIBO was operating Defendants' vehicle as an agent of Defendant WERNER ENTERPRISES with their authority, permission, knowledge, and consent, whether implied or express, and, as a result, Defendant WERNER ENTERPRISES is vicariously liable for Defendant NESIBO's negligence pursuant to the doctrine of respondeat superior liability.

33. That as a direct and proximate result of the negligence of Defendants, and each of them, a traffic collision occurred and Plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling. As such, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries, and medical treatment, both past and future, relating to his injuries, all of which are damages recoverable, in an amount such as to qualify for Tier III as defined by URCP 26(c)(3).

34. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff received medical care and other treatment for the aforementioned injuries, and has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damages, the present amount of which is unknown. Such expenses will continue to accrue in the future, all to Plaintiff's damages in a presently unascertainable amount. In this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained.

35. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered physical impairment, mental anguish, and loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in a presently unascertainable amount.

36. That as a further direct and proximate result, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

37. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CAUSE OF ACTION

### (Negligent Entrustment – Against Defendant WERNER ENTERPRISES)

38. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

39. Plaintiff is informed and believes, and thereon alleges, that Defendants WERNER ENTERPRISES entrusted Defendants' Vehicle to Defendant NESIBO who was operating the subject vehicle at the time of the subject incident that gives rise to this lawsuit.

40. Plaintiff is informed and believes, and thereon alleges that, at the time of the subject incident, Defendant WERNER ENTERPRISES entrusted Defendant NESIBO to operate Defendants' vehicle as an agent of Defendant WERNER ENTERPRISES with their authority, permission, knowledge, and consent, whether implied or express, and, as a result, Defendant WERNER ENTERPRISES is vicariously liable for Defendant NESIBO's negligence pursuant to the doctrine of respondeat superior liability.

41. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant WERNER ENTERPRISES had a duty to entrust, service, and maintain Defendants' Vehicle in a reasonably safe manner.

42. Plaintiff is informed and believes, and thereon alleges, Defendants WERNER ENTERPRISES knew or should have known that Defendant NESIBO was unfit and incompetent to drive Defendants' vehicle at the time of the subject incident.

43. Plaintiff is informed and believes, and thereon alleges, that Defendant WERNER ENTERPRISES knew or should have known that entrusting Defendant NESIBO to operate Defendants' vehicle would create an unreasonable risk of harm to others and led to Plaintiff's injuries and related damages.

/ / /

44. Plaintiff is informed and believes, and thereon alleges, that Defendants WERNER ENTERPRISES had the ability and duty to supervise and control the conduct of Defendant NESIBO, but failed to do so and allowed the "unfit" driver to operate Defendant's vehicle.

45. Plaintiff is informed and believes, and thereon alleges, that Defendant WERNER ENTERPRISES was negligent because they failed to exercise reasonable care to prevent Defendant NESIBO's foreseeably negligent and reckless conduct.

46. Plaintiff is further informed and believes, and thereon alleges that Defendant WERNER ENTERPRISES was a principal, agent, servant, employee, employer, successor in interest, and/or joint venturer of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

47. Plaintiff is further informed and believes, and thereon alleges, that the aforementioned negligent entrustment of the SUBJECT VEHICLE by Defendant WERNER ENTERPRISES directly, and proximately caused or contributed to causing the subject incident and, thereby directly, legally, and proximately caused the injuries and damages to Plaintiff as complained of herein.

48. As a legal, direct, and proximate result of the reckless, and negligent conduct of Defendant WERNER ENTERPRISES Plaintiff has sustained damages resulting from physical injuries, mental anguish, and anxiety all to his general damages in a sum in excess of the jurisdictional limits of this Court.

49. That, as a direct and proximate result of the negligence of Defendants, and each of them, a motor vehicle collision occurred and Plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling. As such, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries, and medical treatment, both past and future, relating to his injuries, all of which are damages recoverable, in an amount such as to qualify for Tier III as defined by URCP 26(c)(3).

50. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff received medical care and other treatment for the aforementioned injuries, and has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damages, the present amount of which is unknown. Such expenses will continue to accrue in the future, all to Plaintiff's damages in a presently unascertainable amount. In this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained.

51. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff received medical care and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to his damages.

52. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered physical impairment, mental anguish, and loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in a presently unascertainable amount.

53. That as a further direct and proximate result, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

54. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## THIRD CAUSE OF ACTION

### (Negligent Hiring, Training, Supervision and Retention –
### Against Defendant WERNER ENTERPRISES, INC.)

55. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

56. Plaintiff alleges that Defendant WERNER ENTERPRISES, had a duty to exercise due care in its dealings with Plaintiff and in the selection, hiring, training, supervision, oversight, direction, retention, and control of its employees and/or agents.

57. Plaintiff alleges that Defendant WERNER ENTERPRISES, breached that duty by selecting, hiring, training, supervising, retaining, and controlling Defendant NESIBO, even though Defendant WERNER ENTERPRISES, knew or should have known of Defendant NESIBO was unfit and incompetent to drive the Defendants' Vehicle.

58. Plaintiff alleges that Defendant WERNER ENTERPRISES's breach of duty was a legal cause of Plaintiff's injuries and that Plaintiff suffered damages as a result thereof.

59. That, as a direct That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling. As such, Plaintiff is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries, and medical treatment, both past and future, relating to his injuries, all of which are damages recoverable, in an amount such as to qualify for Tier III as defined by URCP 26(c)(3).).

60. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff received medical care and other treatment for the aforementioned injuries, and has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damages, the present amount of which is unknown. Such expenses will continue to accrue in the future, all to Plaintiff's damages in a presently unascertainable amount. In this regard, Plaintiff prays for leave of the Court to insert all said damages herein when the same have been fully ascertained.

61. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff received medical care and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to his damages.

62. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered physical impairment, mental anguish, and loss of enjoyment of life, all of which are damages recoverable by Plaintiff, in a presently unascertainable amount.

64. That as a further direct and proximate result, Plaintiff has suffered a loss of past and future household services in an amount to be proven at trial.

65. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## FOURTH CAUSE OF ACTION

### (Punitive Damages – Against Defendant

### WERNER ENTERPRISES, INC.)

66. Plaintiff incorporates and realleges the preceding paragraphs as though fully set forth herein.

67. At all relevant times, Defendant WERNER ENTERPRISES owed Plaintiff a duty to act with due care and regard for Plaintiff's rights, safety and interests, including in the hiring, training, and retention of its employees.

68. Upon and information, Plaintiff alleges that Defendant WERNER ENTERPRISES retained Defendant NESIBO after he had been responsible for multiple motor vehicle collisions.

69. Defendant WERNER ENTERPRISES permitted Defendant NESIBO to operate Defendants' Vehicle in the course and scope of his employment with Defendant WERNER ENTERPRISES with a knowing and reckless indifference toward, and a disregard of, the rights of others. Accordingly, Defendant WERNER ENTERPRISES is liable for punitive damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For a verdict of general damages as may be allowable by law, or in such an amount as may be proven at trial;
2. For past and future medical and incidental expenses in an amount to be proven at trial;
3. For past and future wage loss and other associated vocational damages;
5. For other economic and out-of-pocket damages, in an amount to be proven at trial;
6. For pre-judgment interest on damages assessed by the jury;
7. For costs of court; and

8.     For such other relief as the Court may deem just in the premises.

DATED this __6th__ day of June 2022.

**VALIENTE MOTT, LTD.**

*/s/ Nathan D. Quist*

TIMOTHY A. MOTT, ESQ.
Utah Bar No. 16109
NATHAN D. QUIST, ESQ.
Utah Bar No. 16143

Attorneys for Plaintiff