IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROBERT CARL WARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ADIL AHMED NESIBO, an individual; WERNER ENTERPRISES, INC., a foreign corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S SHORT FORM DISCOVERY MOTION<br><br><br>Case No. 4:22-cv-00054-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This matter is before the Court on Defendant Werner Enterprises' ("Werner") Short Form Discovery Motion for Protective Order.[1] The Court heard argument on Werner's Motion on May 10, 2023. For the reasons discussed below, the Court will grant the Motion in part and deny it in part.

I. BACKGROUND

This case arises out of an automobile accident that occurred in Washington County, Utah on November 9, 2020. Mr. Nesibo was driving a semi-truck for Werner when his truck allegedly side-swiped Mr. Ward's semi-truck. Mr. Ward was standing on the lower bunk to reach something on the top bunk in the sleeper portion of his truck at the time of the accident. He allegedly suffered injuries to his lower back and hips when he fell during the crash. Mr. Ward is also claiming punitive

---

[1] Docket No. 24, filed April 26, 2023.

damages against Werner for hiring and retaining Mr. Nesibo even though he was allegedly responsible for several other car accidents.

Mr. Ward noticed a 30(b)(6) deposition for Werner, identifying 18 topics for the deponent to answer. In its Motion, Werner objects to three topics: 9, 16, and 18. Each will be discussed below.

## II.  DISCUSSION

Discovery is a procedural matter that is governed by the Federal Rules of Civil Procedure.[2] Under Fed. R. Civ. P. 30(b)(6),

> a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Federal Rule of Civil Procedure 26(c) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" by "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[3]

Further, Fed. R. Civ. P. 26(b)(1) provides that discovery must be

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in

---

[2] *Equal Emp. Opportunity Comm'n ("EEOC") v. Holmes & Holmes Indus.*, No. 2:10-cv-955-DAK-PMW, 2011 WL 5118306, at *3 (D. Utah Oct. 27, 2011).

[3] Fed. R. Civ. P. 26(c)(1)(D).

controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The discoverability of information is governed by whether it would be relevant, not by whether the information discovered would be admissible at trial.[4]

A.   TOPIC 9

Topic 9 states as follows:

The deponent shall testify regarding Defendant WERNER ENTERPRISES, INC.'s understanding of and compliance with the Federal Motor Carrier Safety Act (FMCSA) requirements and regulations related to the hiring, training, supervision, and retention of Defendant NESIBO, specifically 49 C.F.R. § 391.51; 49 C.F.R. § 395.3; 49 C.F.R. § 395.15; 49 C.F.R. § 395.22-38; 49 C.F.R. § 382.209; 49 C.F.R. § 382.303; 49 C.F.R. § 383.111; 49 C.F.R. § 571.111; 49 C.F.R. § 383.37; 49 C.F.R. § 383.51; 49 C.F.R. § 391.25; and 49 C.F.R. § 392.3.

Werner argues that Topic 9 is overly broad, violates the number of topics permitted under DUCivR 30-2, and requests information about compliance with laws, which Werner argues is an inappropriate inquiry for a lay witness.

   1.   *Topic 9 is Not Overly Broad*

Rule 30(b)(6) requires that a deposition notice "describe with reasonable particularity the matters for examination." Werner argues that Plaintiff's use of the phrase "related to" violates this particularity requirement. Courts "have found that omnibus phrases like "related to" violate the particularity requirement since they provide no 'basis upon which an individual or entity can

---

[4] *St. Joseph Hosp. v. INA Underwriters Ins. Co.*, 117 F.R.D. 24, 25–26 (D. Me. 1987).

reasonably determine what information may or may not be responsive.'"[5] But courts allow the use of such phrases "where they are tailored to specific, narrow categories of information."[6]

Here, Plaintiff's use of the phrase "related to" is not objectionable because, when read as a whole, Topic 9 provides sufficient particularity to enable Werner to identify the information about which Plaintiff seeks testimony. Plaintiff clarifies that he is seeking testimony concerning Werner's knowledge of and compliance with specific regulations as they relate to Defendant Nesibo—regulations that govern motor carriers such as Werner.[7] Plaintiff goes one step further by identifying exactly which regulations are at issue. Thus, the topic is tailored to specific categories of information and is not overly broad.

2. *Topic 9 Does Not Violate the Limitation on Number of Topics*

Werner next argues that this topic violates the limitation on topics set out in DUCivR 30-2. DUCivR 30-2 states, in pertinent part, that a 30(b)(6) "notice must not exceed more than 20 topics, including subparts." DUCivR 30-2 does not define "topics" or "subparts," so the Court will look to the interpretation of analogous language in Fed. R. Civ. P. 33 as a guide. Rule 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Courts interpreting this phrase, including this Court, have concluded that "an interrogatory containing subparts directed at eliciting details concerning a

---

[5] *City of Las Cruces v. United States*, No. 17-809 JCH/GBW, 2021 WL 5207098, at *37 (D.N.M. Nov. 9, 2021) (quoting *Trs. of Boston Univ. v. Everlight Elecs. Co.*, Nos. 12-cv-12326-PBS, 12-cv-12330-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014)).

[6] *Id.*; *see also Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006) ("When . . . the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face.").

[7] 49 C.F.R. § 387.3.

common theme should be considered a single question," while "an interrogatory with subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation."[8]

Applying the "common theme" approach, Topic 9 does not violate the limit contained in DUCivR 30-2 on the number of topics. Werner's knowledge of and compliance with applicable regulations are closely related issues.[9] Therefore, the Court construes Topic 9 as covering a single topic and, as such, it does not exceed the limitation set out in DUCivR 30-2.

    3.    *Lay Witness Testimony About Compliance With Regulations is Proper*

Finally, Werner argues that it is not proper for a 30(b)(6) witness to testify about compliance with regulations. Werner cites no authority for this proposition. As a motor carrier, Werner is subject to certain regulatory requirements. It stands to reason that a 30(b)(6) witness should be able to testify as to the factual underpinnings of how Werner complied with those requirements as they relate to Mr. Nesibo and this accident. For these reasons, Werner is required to designate a witness as to Topic 9 and its request for a protective order is denied.

B.    TOPIC 16

Topic 16 seeks "[t]he factual foundation for ALL affirmative defenses plead by Defendant WERNER ENTERPRISES, INC. and all affirmative defenses that may be asserted at the time of

---

[8] *SMHG Phase I LLC v. Eisenberg*, No. 1:22-cv-00035-DBB-JCB, 2023 WL 2275182, at *1 (D. Utah Feb. 28, 2023) (quoting Charles A. Wright & Arthur R. Miller, 8B Fed. Prac. & Proc. Civ. § 2168.1 at 261 (3d ed. April 2022 update)).

[9] *See Bartnick v. CSX Transp., Inc.*, No. 1:11-CV-1120 (GLS/RFT), 2012 WL 1565057, at *2 (N.D.N.Y. Apr. 27, 2012) (stating that "if the subparts cannot be fairly and reasonably characterized as closely related to the first part of the interrogatory, they are therefore discrete and separate").

trial." Werner argues that this topic is compound, resulting in a violation of the numerical limits set forth in DUCivR 30-2 because Werner has asserted twenty affirmative defenses. Werner also argues that this topic is not a proper topic for a 30(b)(6) witness.

        1.        *Topic 16 Facially Violates the Limitation on Number of Topics*

Turning back to Fed. R. Civ. P. 33 for guidance, courts have held that interrogatories asking for the factual basis of affirmative defenses constitute separate and distinct interrogatories as to each affirmative defense.[10] As such, when there are multiple affirmative defenses at issue, each affirmative defense is counted separately in determining the number of interrogatories propounded. The same approach is appropriate here.

Werner has asserted twenty affirmative defenses, meaning that, on its face, Topic 16 reaches the numerical limit under DUCivR 30-2. However, developments in this case, particularly

---

[10] *Kellgren v. Petco Animal Supplies, Inc.*, No. 13-cv-644 L (KSC), 2016 WL 4097522, at *3–4 (S.D. Cal. July 7, 2016) (finding that interrogatory requesting to "identify all witnesses who have knowledge of the facts which support such defense, describing in detail the nature of each individual's knowledge, and identify all documents supporting each affirmative defense" was improperly compound because the defendant listed 25 affirmative defenses); *Warren v. Bastyr Univ.*, 11cv1900-RSL, 2013 WL 1412419, at *1 (W.D. Wash. April 8, 2013) (explaining that "an inquiry requesting the same information regarding disparate claims, defenses, or events counts as multiple interrogatories"); *Lopez v. Flores*, 08cv1975-LJO (JLT), 2013 WL 2385240, at *2 (E.D. Cal. May 30, 2013) (finding that an interrogatory seeking facts on which the defendant based their five affirmative defenses constituted five discrete questions); *King v. Univ. Healthcare Sys., L.C.*, No. 08-1060, 2008 WL 11353694, at *1 (E.D. La. Oct. 31, 2008) (finding that an interrogatory requesting the factual basis of each affirmative defense "actually consists of 28 interrogatories because it requires 28 discrete answers"); *Bell v. Woodward Governor Co.*, No. 03C50190, 2005 WL 3829134, at *2 (N.D. Ill. June 30, 2005) (counting one interrogatory that asked for the facts supporting twenty-one affirmative defenses as twenty-one separate interrogatories because the interrogatory "improperly seeks to combine twenty-one questions into one"); *Bujnicki v. Am. Paving & Excavating, Inc.*, 99cv0646S(SR), 2004 WL 1071736, at *9 (W.D.N.Y. Feb. 25, 2004) (stating that "[e]ach affirmative defense is a distinct and separate defense" and therefore interrogatory seeking factual basis for each affirmative defense exceeded the limit under Rule 33(a)).

Werner's admission of fault, have greatly reduced the number of relevant affirmative defenses that a 30(b)(6) witness would be able to testify to. In the Court's view, the only remaining defenses that would have any facts about which a 30(b)(6) witness could testify are the claims that Plaintiff failed to mitigate his damages and that his injuries were the result of his preexisting conditions. The other asserted defenses are either inapplicable or express Werner's legal theories, which are not an appropriate basis for deposition testimony.[11] Limiting Topic 16 to these two areas brings this request into compliance with the numerical limit in DUCivR 30-2.

    2.    *Topic 16 is an Appropriate Area for 30(b)(6) Testimony*

Werner also argues that Topic 16 is not an appropriate topic for a lay witness. Courts have reached differing conclusions on this issue, with some holding that seeking the factual basis of affirmative defenses "through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable."[12] Those courts conclude that "[i]t is improper . . . to question a lay Rule 30(b)(6) designee regarding a party's legal contentions"[13] since affirmative defenses are determined by counsel rather than the parties. Other courts, however, conclude that a party can inquire of a 30(b)(6) designee as to the factual bases of an opposing party's claims and defenses.[14] Within this

---

[11] *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("In a nutshell, depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means.").

[12] *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kan. 1996).

[13] *Puskarich v. BNSF Co.*, No. 19-CV-150-F, 2022 WL 611276, at *7 (D. Wyo. Feb. 22, 2022).

[14] *Prescott v. Cracker Barrel Old Country Store, Inc.*, No. CIV-18-121-SLP, 2019 WL 11339874, at *4 (W.D. Okla. Feb. 5, 2019).

Court, the Honorable Paul Warner, has held that a defendant was required to designate a 30(b)(6) witness to testify as to the factual basis for their affirmative defenses.[15]

While there is certainly no consensus, the emerging trend appears to favor allowing a 30(b)(6) witness to testify as to the factual underpinnings of affirmative defenses.[16] The Court will follow this trend and will require Werner to designate a witness to discuss the factual basis of the two affirmative defenses identified above—failure to mitigate damages and preexisting conditions. However, counsel must be careful to avoid questions that might elicit testimony protected by work-product and attorney-client privileges.

C.   TOPIC 18

Finally, Topic 18 seeks "[i]nformation concerning Defendant WERNER ENTERPRISES, INC.'s wealth for the last three years." Werner raises two objections to the proposed testimony: (1) the testimony is improper because Plaintiff has not made a *prima facie* case for punitive damages (i.e., punitive damages are spurious), and (2) the topic is "vague and overly broad" in violation of Rule 30(b)(6)'s particularity requirement.

   *1.   Topic 18 is an Appropriate Area for 30(b)(6) Testimony*

Under Fed. R. Civ. P. 26(b)(1), a party is entitled to discovery of any non-privileged matter which is relevant to the subject matter involved in the pending action. A defendant's financial

---

[15] *iFreedom Direct Corp. v. First Tenn. Bank Nat'l Ass'n*, No. 2:09-cv-205-DN-PMW, 2012 WL 2913248, at *4 (D. Utah July 16, 2012).

[16] *Erickson v. City of Lakewood*, No. 1:19-cv-02613-PAB-NYW, 2021 WL 4947231, at *5 (D. Colo. Sept. 23, 2021).

information is relevant when a plaintiff is seeking punitive damages.[17] Discovery of such information may even lead to settlement or shortened litigation.[18] A majority of federal courts permit pretrial discovery of a defendant's financial information without requiring plaintiff establish a *prima facie* case for punitive damages.[19] While others only permit pretrial discovery when plaintiff has shown that the claim for punitive damages is not spurious.[20] This District is split

---

[17] *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) ("evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages that should be awarded") (citing Restatement (Second) of Torts § 908(2)).

[18] *Pipkin v. Acumen*, No. 1:18-cv-00113-HCN-PMW, 2020 WL 2043534, at *2 (D. Utah Apr. 28, 2020) (noting that "knowledge of defendant's net worth will be of value to both sides in making a realistic appraisal of the case") (quoting *Mid Continent Cabinetry Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990)).

[19] *See e.g., Mid Continent Cabinetry Inc.*, 130 F.R.D. at 152 (D. Kan. 1990) ("[T]he court holds that plaintiff need not establish a *prima facie* case on the issue of punitive damages before it can obtain pretrial discovery of defendant's financial statements and tax returns."); *Randall v. Cnty. of Wyandotte*, No. 87-2580-O, 1988 WL 139522, at *1 (D. Kan. Dec. 5, 1988) (granting motion to compel because evidence of defendant's financial condition is "clearly relevant" when punitive damages are sought); *Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 329–30 (D. Mont. 1988) (finding that the law requiring a *prima facie* showing does not apply to the pretrial discoverability of information relating to a party's financial status); *St. Joseph Hosp.*, 117 F.R.D. at 25–26 ("The safer course is to complete permissible discovery before trial so that the information discovered will be available to offer at trial if it is found to be admissible."); *Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D. Pa. 1979) (stating that "when a plaintiff seeks punitive damages, the defendant's financial status becomes a relevant consideration"); *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 542–43 (W.D. Okla. 1978) ("It has been this Court's practice to permit the pretrial discovery of a litigant's financial worth in an action wherein punitive damages are sought from that litigant."); *Miller v. Dr.'s Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977) (same); *Holliman v. Redman Dev. Corp.*, 61 F.R.D. 488, 490–91 (D.S.C. 1973) (finding that the net worth of a defendant is relevant on the issue of punitive damages).

[20] *See e.g., James v. Heuberger Motors, Inc.*, No. 10-cv-01648-CMA-KLM, 2011 WL 334473, at *3 (D. Colo. Jan. 28, 2011) ("The Court finds that it is most appropriate to allow discovery of financial information upon a prima facie showing that a plaintiff will be entitled to punitive damages should he or she succeed on the merits of his or her claim"); *Britton v. Car Toys, Inc.*, No. 05-cv-726-WYD-PAC, 2007 WL 1395290, at *3 (D. Colo. May 9, 2007) (same); *Fretz v. Keltner*, 109 F.R.D. 303, 310–11 (D. Kan. 1985) (ordering that defendant's financial information should be produced because plaintiffs have alleged sufficient facts in support of their position on punitive damages); *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589–90 (W.D. Pa. 1983)

in its authority on this issue.[21] When this Court has followed the minority rule in requiring a *prima facie* showing of punitive damages, it has required plaintiffs show that defendant's conduct is "outrageous, owing to gross negligence, demonstrates a willful, wanton, and reckless indifference for the rights of others or demonstrates behavior even more deplorable."[22] "[T]he standard for an award of punitive damages . . . in Utah is 'actual malice/malice in fact' *or* 'legal malice,' i.e., conduct that manifests a reckless disregard or indifference to the rights and safety of others."[23]

Here, Plaintiff is seeking punitive damages against Werner and seeks discovery related to Werner's financials to support those allegations. Under the majority rule, Werner's objection to Topic 18 fails because Werner's financial information is relevant to the issue of punitive damages and is thus discoverable. Even if this Court followed the minority rule, Plaintiff has presented

---

("The complaint must allege a set of circumstances which will demonstrate to the Court at least a real possibility that punitive damages will be at issue."); *Vollert v. Summa Corp.*, 389 F. Supp. 1348, 1351 (D. Haw. 1975) (noting that "it is sufficient at this stage to state that plaintiff has shown that his claim for punitive damages is not spurious").

[21] *Compare Pipkin*, 2020 WL 2043534, at *2 (holding that plaintiffs should establish a prima facie case for punitive damages before they could obtain pretrial discovery of defendant's financial information) *with Holmes & Holmes Indus.*, 2011 WL 5118306, at *4 (finding that defendants' objection to pretrial discovery of financial information was "without merit") *and EEOC v. Body Firm Aerobics, Inc.*, No. 2:03 CV 846 TC, 2006 WL 1579608, at *3–4 (D. Utah June 1, 2006) (holding that defendant's objection to discovery of its financial information was inappropriate because the objection required the magistrate judge to find that plaintiffs' "punitive damages claim was insufficient as a matter of law.")

[22] *Pipkin*, 2020 WL 2043534, at *2 (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 493 (2008)) (internal quotations omitted); *see also* Utah Code Ann. §78B-8-201(1)(a) ("[P]unitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or *conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others*.") (emphasis added).

[23] *Biswell v. Duncan*, 742 P.2d 80, 84 (Utah Ct. App. 1987).

sufficient evidence to support a prima facie case for punitive damages. Plaintiff alleges punitive damages against Werner for knowingly allowing Mr. Nesibo to operate its semi-truck, even after Mr. Nesibo had been involved in several prior accidents. While it is not the Court's role to determine whether Plaintiff may ultimately prevail on his claim for punitive damages, these facts are sufficient to support a prima facie case.[24] As a result, the Court overrules Werner's objection

---

[24] *See e.g., Hale v. MTR Express, Inc.*, No. 2:20-cv-00439-DAK-JCB, 2021 WL 2000521, at *1, *3 (D. Utah May 19, 2021) (The plaintiff based his claim for punitive damages on information about driver's unsafe driving record of which driver's employer was allegedly aware. The Court held that information regarding defendant trucking company's hiring, training, and entrustment of the vehicle to driver was relevant to both the negligent hiring claim and the request for punitive damages); *Heart v. Ind. Transp., Inc.*, No. 2:15-cv-00058-DN-DBP, 2016 WL 3079710, at *2 (D. Utah May 31, 2016) (finding that amendment of the complaint to add a claim for punitive damages would not be futile because plaintiff alleged that defendant trucking company allowed its driver to continue driving despite the company's knowledge that the driver "committed regulatory violations"); *see also Loyd v. Salazar*, No. CIV-17-977-D, 2020 WL 7220790, at *4–5 (W.D. Okla. Dec. 7, 2020) (finding that a reasonable person could conclude that defendant was indifferent to the consequences of his actions, or demonstrated reckless disregard of others, when he entrusted a heavily loaded semi-truck to a newly licensed, newly hired driver after only a cursory investigation of the driver's qualifications); *Cox v. Swift Transp. Co. of Ariz. & LLC*, No. 18-cv-0117-CVE-JFJ, 2019 WL 3719887, at *1–3 (N.D. Okla. Aug. 7, 2019) (finding there was a potential for success on punitive damages claim when plaintiffs offered evidence that driver had been involved in prior traffic accidents and that driver's employer was aware of driver's driving record; applying Oklahoma law which requires a showing by "clear and convincing evidence that the defendant has been guilty of reckless disregard for the rights of others" (internal quotations omitted)); *Bailey v. Hyatt*, No. 15-4001-SAC, 2015 WL 4603292, at *3–4 (D. Kan. July 30, 2015) (finding it is plausible that plaintiff could prove that defendant Hyatt's driving record indicated his wanton conduct when operating motor vehicles or that Hyatt's employer was wanton in employing Hyatt in light of his driving record and the court could not say at the amendment stage that plaintiff could prove no set of facts that would show defendants had the requisite state of mind); *Johnson v. Rogers*, 763 P.2d 771, 778 (Utah 1988) (reversing summary judgment on the issue of punitive damages when plaintiff presented evidence that trucking company defendant failed to learn of defendant driver's previous conviction or that drivers were driving on suspending licenses while employed, continued to allow drivers to drink and use drugs before and during work, and neglected to supervise its employees in various aspects).

under both the majority and the minority rule. Werner must designate a 30(b)(6) witness to testify regarding its financial information.

    2.  *The Court has Discretion to Limit the Scope of Discoverable Financial Information*

Werner next objects that Plaintiff's request is vague and overbroad. It is well settled that district courts have wide discretion over its discovery procedures.[25] Several courts in the Tenth Circuit have limited the scope of discoverable financial information to the defendant's "current financial condition."[26] While courts have interpreted "current financial condition" differently, financial information up to two or three years old is a commonly accepted timeframe.[27]

At the hearing, counsel clarified that they are seeking information about Werner's gross profits for the last three years and, since this information is publicly available, the 30(b)(6) witness would only have to authenticate the documentation. Given this limitation, the Court finds that Topic 18 is not vague or overbroad. Werner must designate a 30(b)(6) witness as to this issue, but that witness need only be prepared to authenticate documentation showing Werner's gross profits for the last three years.

---

[25] *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1272 (10th Cir. 2010).

[26] *Conlin v. Law Off. Of Kirk A. Cullimore*, No. 2:17-cv-01213, 2019 WL 13260016, at *3 (D. Utah Mar. 8, 2019); *Roberts v. C.R. Eng., Inc.*, No. 2:12-cv-0302, 2018 WL 1305058, at *2 nn.8–10 (D. Utah Mar. 12, 2018) (collecting cases).

[27] *See e.g., Pipkin*, 2020 WL 2043534, at *1 (narrowing the scope of discovery to the two to three most recent years); *Roberts*, 2018 WL 1305058, at *2 (limiting any allowed requests to the last two years plus the current year of three months); *but see Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-cv-2494-DDC-TJJ, 2017 WL 3229071, at *5 (D. Kan. July 31, 2017) (limiting the scope to the one-year period prior to the date defendant produces financial information).

## III. CONCLUSION

It is therefore

ORDERED that Werner's Short Form Motion for Protective Order (Docket No. 24) is GRANTED IN PART AND DENIED IN PART as set forth above.

DATED this 11th day of May, 2023.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge