IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT CARL WARD,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ADIL AHMED NESIBO, an individual, and WERNER ENTERPRISES, a foreign corporation,<br><br>　　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS<br><br>Case Number 4:22-cv-00054-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff's Motion for Sanctions.[1] For the reasons discussed below, the Court GRANTS Plaintiff's Motion in part and DENIES it in part.

I. BACKGROUND

Plaintiff filed this lawsuit seeking damages for injuries he sustained on November 9, 2020, when a semi-truck allegedly side-swiped his parked semi-truck in the parking lot of a long-term gas station in Washington County.[2] Plaintiff alleges that the other driver, Adil Nesibo, was driving for Werner Enterprises ("Werner") at the time of the collision. Additionally, Plaintiff seeks punitive damages against Werner for hiring Mr. Nesibo while allegedly knowing that Mr. Nesibo was responsible for several accidents prior to this incident.

Defendants Werner and Mr. Nesibo filed their answer on August 18, 2022,[3] even though counsel for Werner has since asserted that Mr. Nesibo was never personally served,[4] that Werner

---

[1] Docket No. 38, filed July 17, 2023.

[2] Docket No. 2-2, filed August 12, 2022.

[3] Docket No. 4, filed August 18, 2022.

[4] *See* Hearing before Magistrate Judge Kohler on June 28, 2023.

1

has been unable to locate Mr. Nesibo since the accident,[5] and that Werner only answered on behalf of its driver to avoid a default judgment since it is a self-insured trucking company.[6]

Plaintiff Ward noticed Mr. Nesibo's deposition for May 25, 2023, in Bakersfield, California,[7] but Mr. Nesibo failed to appear.[8] Plaintiff filed a motion to compel Mr. Nesibo's appearance,[9] which Defendants contested.[10] The Court ultimately denied the motion, finding that there was nothing the Court could compel given Mr. Nesibo's absence, and that the motion was not necessary to ripen the sanctions issue.[11] The Court specifically asked that if the Plaintiff elected to file a motion for sanctions, the parties' briefing should include any law on the issue of whether a corporate entity who answers or appears on its driver's behalf can be liable for its driver's absence.[12]

Plaintiff subsequently filed the instant motion seeking sanctions against both defendants under Fed. R. Civ. P. 37(b)(2)(A)(ii).[13] Plaintiff requests that the Court order the element of causation is established and preclude Defendants from presenting evidence to disprove causation.[14]

---

[5] *Id*.

[6] *Id*.

[7] Docket No. 32, at 32–34.

[8] *Id*. at 36–42.

[9] *Id*.

[10] Docket No. 34, filed June 13, 2023.

[11] Docket Nos. 36, 37; *see* Hearing before Magistrate Judge Kohler on June 28, 2023.

[12] *See* Hearing before Magistrate Judge Kohler on June 28, 2023.

[13] Docket No. 38, filed July 17, 2023.

[14] *Id*. at 1–2.

Defendants argue that sanctions should not be imposed against Werner at all because it has "not violated a Court order, does not control Mr. Nesibo, and is cooperating with discovery."[15] Additionally, Defendants argue that default judgment against Mr. Nesibo is too severe a sanction at this time because Mr. Nesibo could still be located.[16]

## II. DISCUSSION

The failure of a party to attend his deposition is governed by Federal Rule of Civil Procedure 37(d)(1)(A). Notably, a failure to appear for a deposition is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order.[17]

Defendants have previously argued Mr. Nesibo's expected testimony (i.e., additional evidence of negligence) is irrelevant because Werner has already admitted its vicarious liability for Mr. Nesibo's negligence.[18] This, Defendants claim, should justify Mr. Nesibo's non-appearance. But since Defendants never sought a protective order, their contentions do not excuse Mr. Nesibo's non-appearance. Mr. Nesibo was obligated to appear, and the issue of sanctions is ripe.

Rule 37 provides that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition."[19] The Court "*must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

---

[15] Docket No. 52, at 2.

[16] *Id.* at 1-2.

[17] Fed. R. Civ. P. 37(d)(2).

[18] Docket No. 52, at 4; *see also* Docket No. 34, at 2.

[19] Fed. R. Civ. P. 37(d)(1)(A)(i).

3

failure was substantially justified or other circumstances make an award of expenses unjust."[20] Rule 37(b)(2)(A) referenced in Rule 37(d)(3) provides for additional, discretionary sanctions, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[21]

Plaintiff filed the instant motion for sanctions seeking the exact relief provided for under Rule 37(d)(1)(A)—sanctions against Defendants for Mr. Nesibo's failure to appear at his deposition. Since Mr. Nesibo's absence was not excusable, only three issues remain: (1) was Mr. Nesibo properly served? (2) what sanctions must and/or could the Court impose on Mr. Nesibo? and (3) what, if any, sanctions must and/or could the Court impose on Werner?

A.   PROPER SERVICE

Under Fed. R. Civ. P. 5(b)(1), a represented party must be served through his attorney unless the Court orders service on the party. It is hornbook law that a person is represented by an attorney if the attorney enters an appearance on the person's behalf with the person's consent. The signing and filing of pleadings or documents constitutes such an entry of appearance.[22] In the Tenth Circuit, there is a rebuttable presumption that an attorney is authorized to represent the

---

[20] Fed. R. Civ. P. 37(d)(3) (emphasis added).

[21] Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

[22] DUCivR 83-1.3(a); *Hawkinson v. O'Brien*, No. 18-cv-03022-PAB-KMT, 2020 WL 3619557, at *4 (D. Colo. July 2, 2020).

person for whom he appears.[23] An attorney's authority to enter an appearance for a party is not dependent on explicit authorization.[24] If a party sits back idly knowing that the lawyer was making appearances on his behalf, the Court can find that the party implicitly authorized the lawyer to appear.[25]

Here, Werners' counsel entered an appearance for Mr. Nesibo when they filed an answer on his behalf. Such appearance created a rebuttable presumption that Werners' counsel was authorized to appear for Mr. Nesibo. Werners' counsel went to great efforts to try and notify Mr. Nesibo about the lawsuit, including sending a private investigator to the last known address.[26] Based on these efforts and the accident itself, it appears almost certain that Nesibo learned of the litigation and counsel's plan to represent him. Rather than objecting to such representation, Mr. Nesibo has stood idly by and not responded to any attempts to locate him. At no point prior to the filing of the motion to compel did Werners' counsel indicate to opposing counsel or the Court that his entry of appearance on behalf of Mr. Nesibo was limited to filing an answer. And Mr. Nesibo has not appeared on his own behalf or rebutted the presumption that Werner's counsel was authorized to act for him. Thus, Mr. Nesibo was a represented party when notice of his deposition was served, so service had to be made on Werners' counsel. Since Plaintiff effectuated service on Werners' counsel, Mr. Nesibo was properly served with notice of his deposition, and he was obligated to appear.

B.   PROPER SANCTIONS AGAINST NESIBO

---

[23] *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir. 1992); *see also Feldman Inv. Co. v. Conn. Gen. Life Ins. Co.*, 78 F.2d 838, 840 (10th Cir. 1935).

[24] *Oaklawn Apartments*, 959 F.2d at 175.

[25] *Id.* at 176.

[26] *See* Hearing before Magistrate Judge Kohler on June 28, 2023.

As discussed above, the Court "*must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[27]

Since Mr. Nesibo failed to appear for his own deposition, the Court must require him to pay the reasonable expenses, including attorney's fees, caused by his failure to appear. As previously mentioned, Mr. Nesibo's failure to appear was not justified because he did not have a pending protective order at the time he failed to appear. There is no other evidence that justifies his absence. Mr. Nesibo has chosen not to participate in this litigation. Therefore, the Court must impose a sanction of costs and attorney's fees on Mr. Nesibo.

As for discretionary sanctions under Rule 37(b)(2)(A), a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[28]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[29] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate

---

[27] Fed. R. Civ. P. 37(d)(3) (emphasis added).

[28] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[29] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

sanction."[30] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[31] The Court considers each factor below.

1. *Degree of actual prejudice to Plaintiff.*

Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[32] Here, there is no doubt that Plaintiff has suffered prejudice at least in the form of delay and uncertainty. This case was removed to federal court in August 2022.[33] Werner and Mr. Nesibo filed their answer shortly thereafter.[34] Since that time, Plaintiff (and Defendant Werner) have been unable to locate Mr. Nesibo. Normally, this situation would be resolved by Plaintiff seeking a default judgment against Mr. Nesibo for failure to appear and participate in the litigation. However, that procedure has been disrupted in this case because Werner filed an answer on Mr. Nesibo's behalf. Werner's

---

[30] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

[31] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[32] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that delay "would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

[33] Docket No. 2.

[34] Docket No. 4.

counsel never indicated that his appearance was limited to filing an answer, so the parties proceeded to discovery under the assumption that Mr. Nesibo was represented by counsel and participating in the litigation.

Defendants argue in their supplemental briefing that Mr. Nesibo's testimony is not factually necessary because Plaintiff remembers details about how the accident occurred.[35] But this minimally mitigates the prejudice to Plaintiff because Plaintiff's testimony is only one side of the story.[36] Plaintiff's inability to assess Mr. Nesibo's testimony is prejudicial to his case, especially if Mr. Nesibo resurfaces in time for trial.

2. *Amount of interference with the judicial process.*

As discussed above, the usual procedure of seeking default judgment against an absent and non-participating party has been interfered with since Werner's counsel filed an answer on Mr. Nesibo's behalf without informing the Court or opposing counsel that such entry of appearance was limited. As a result, the Court finds itself in a predicament in fashioning an appropriate and efficient remedy.

3. *Litigant's culpability.*

The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are] appropriate in cases of willful misconduct."[37] It has further defined a

---

[35] Docket No. 55, at 1–2.

[36] *Echon v. Sackett*, 809 F. App'x 468, 473 (10th Cir. 2020) ("[T]he law is well-settled that methods of discovery are complementary, rather than alternative or exclusive" and no one type of discovery is necessarily an adequate substitute for another.) (internal citations and quotations omitted).

[37] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

"'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[38]

If the Court were to look just at Mr. Nesibo's conduct during the course of this litigation, it appears that Mr. Nesibo, although missing, has not intentionally or willfully failed to participate in the litigation. It is unclear if Mr. Nesibo is even aware that this litigation is ongoing. But it is reasonable to assume Mr. Nesibo knows or should know about this litigation based on his pre-litigation conduct. Mr. Nesibo refused to cooperate with Werner even before the threat of litigation.[39] He was not cooperative with Plaintiff at the scene of the accident.[40] And he has eluded efforts of both Plaintiff and Werner to locate him. Such conduct indicates at least some culpability on Mr. Nesibo's part. However, his conduct does not appear to rise to the level of intentional or willful misconduct; he may not even know the litigation is pending against him.

> 4. *Whether Court warned noncomplying litigant that default judgment was likely sanction.*

To comply with due process interests, the Court must be convinced that proper notice and warning were given before it can impose a severe sanction. Such a warning need not be express; constructive notice is sufficient.[41]

Here, the Court has not previously warned Mr. Nesibo that failure to appear for his deposition would result in default judgment. This order may serve as such notice; Mr. Nesibo's

---

[38] *Id.* (quoting *Sheftelman v. Standard Metals Corp.,* 817 F.2d 625, 628–29 (10th Cir. 1987).

[39] Docket No. 38, at 2–3; Docket No. 38-1; Docket No. 38-13.

[40] Docket No. 38, at 2–3.

[41] *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1149–50 (10th Cir. 2007).

9

continued failure to participate in this litigation will likely result in further sanctions against him, up to and including default judgment.

5. *Efficacy of lesser sanctions.*

It appears that Plaintiff's main concern is being surprised on the eve of trial with new information from Mr. Nesibo that could harm Plaintiff's case. In an effort to prevent such surprises, Plaintiff requests that the element of causation be established as a matter of law both as to Mr. Nesibo and Werner. But such a sanction in a personal injury case like this, where the only real disputes are causation and damages, is undoubtedly severe. Instead, the Court could prohibit the parties from offering Mr. Nesibo's testimony, live or otherwise, at trial unless Mr. Nesibo appears and sits for a deposition prior to the close of fact discovery.[42] Such a sanction ameliorates Plaintiff's concerns of being surprised while not unduly prejudicing Defendant Werner when there is no evidence that Werner has acted in bad faith or encouraged Mr. Nesibo's flight.

After considering all the factors, the Court concludes that a sanction as severe as default judgment is not appropriate. Neither do the *Ehrenhaus* factors support the sanction sought by Plaintiff—that the element of causation be established. Thus, Plaintiff's request is denied without prejudice.

C.   PROPER SANCTIONS AGAINST WERNER

The Court has to impose a mandatory sanction on Mr. Nesibo for his failure to appear. The Court could opt to split the costs and attorney's fees between Nesibo and his attorney (i.e., Werner's counsel), since Werner's counsel was representing Nesibo at the time he failed to appear

---

[42] The deadline for close of fact discovery is January 8, 2024. Docket No. 50, at 1.

for his deposition. However, it appears that other circumstances exist that make such an award of expenses unjust.[43] Defendant Werner's hands should not be tied simply because a former employee has gone on the run and its efforts to locate him have been unfruitful. There is no evidence that Werner maintains control over Mr. Nesibo. It has put forth at least some effort to locate him, to no avail. And even though Werner waited until the motion to compel was filed to raise the issue that Mr. Nesibo was not actively participating in the litigation, Werner appears to be cooperating with opposing counsel and keeping the Court apprised of the representation issue. For these reasons, the Court finds that imposing mandatory sanctions on Werner is unjust.

As for discretionary sanctions against Werner, such sanctions do not appear appropriate at this time. There is no evidence that Werner has acted in bad faith. Rather Werner has made reasonable efforts to locate Mr. Nesibo, albeit unsuccessfully. The Court suggests to Werner and its counsel that if they continue to be unsuccessful in locating Mr. Nesibo, it seems appropriate that counsel should adhere to the advice provided in *UT Eth. Op.* 04-01 (Utah St. Bar), 2004 WL 870583, at *1–3, and move to withdraw as counsel for Mr. Nesibo.

For the reasons discussed, it is hereby ORDERED that Plaintiff's Motion for Sanctions, Docket No. 38, is GRANTED in part and DENIED in part. Plaintiff is to file a notice and accounting of its attorney's fees and other expenses incurred in preparing for Mr. Nesibo's deposition. Mr. Nesibo will be liable for such costs. If the parties disagree on the amount, they are to contact the Court.

Additionally, all parties are prohibited from presenting Mr. Nesibo's testimony at trial unless Mr. Nesibo appears and sits for a deposition prior to the close of fact discovery.

SO ORDERED this 17th day of October, 2023.

---

[43] Fed. R. Civ. P. 37(d)(3).

_____
PAUL KOHLER
United States Magistrate Judge