IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT CARL WARD,<br><br>       Plaintiff,<br><br>v.<br><br>ADIL AHMED NESIBO, an individual, and WERNER ENTERPRISES, a foreign corporation,<br><br>       Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS<br><br>Case Number 4:22-cv-00054-DN-PK<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul Kohler |

Before the Court is Defendant Werner Enterprises' ("Werner") Motion for Sanctions.[1] The Court heard oral arguments on November 28, 2023.[2] For the reasons discussed below, the Court DENIES the Motion.

I. BACKGROUND

Plaintiff filed this lawsuit seeking damages for injuries he sustained on November 9, 2020, when a semi-truck driven by a Werner employee allegedly side-swiped Plaintiff's parked semi-truck in the parking lot of a long-term gas station in Washington County, Utah.[3] Plaintiff allegedly fell and landed on an antique can during the crash, resulting in injuries to his lower back.[4]

Plaintiff hired counsel the day after the accident.[5] Approximately two weeks later, on November 20, 2020, Plaintiff's counsel sent a preservation of evidence letter to Werner.[6]

---

[1] Docket No. 63, filed October 20, 2023.

[2] Docket No. 69, filed November 28, 2023.

[3] Docket No. 2-2, filed August 12, 2022.

[4] Docket No. 63-1, at 14, 20.

[5] *Id.* at 13, 18–19, 22.

[6] Docket No. 63-5.

In his discovery responses, Plaintiff initially claimed that he did not know where the can was because his employer cleaned out his truck and reassigned it to another employee the day after the accident.[7] However, Plaintiff later testified at his deposition that the can was in his new truck until at least May of 2021, approximately six months after the accident.[8] Plaintiff believes the can was destroyed sometime after he left his job in May.[9] Plaintiff testified that he found an identical exemplar can on eBay to use in the litigation.[10]

Defendant Werner filed the instant motion seeking sanctions against Plaintiff for spoliation of evidence. Werner argues that Plaintiff failed to preserve the can that allegedly caused his injuries, even though Plaintiff allegedly possessed the can until at least six months after the accident. Werner seeks either (1) the exclusion of any evidence of the can and a jury instruction requiring the jury to infer the can did not cause Plaintiff's alleged lower back injury, or (2) a jury instruction that jurors are allowed to make any inference they believe appropriate in light of the spoliation. Additionally, Werner seeks exclusion of evidence about the nature and condition of the can and any evidence of Plaintiff's exemplar can. Werner also seeks an award of fees for bringing this Motion.

Plaintiff argues that sanctions are inappropriate because (1) Plaintiff did not engage in bad faith conduct related to preserving the can, (2) Werner has suffered no prejudice, and (3) Werner comes to the Court with unclean hands for its own failure to preserve evidence in this case.

---

[7] Docket No. 63-2, at 6; Docket No. 63-4, at 5–6.

[8] Docket No. 63-1, at 27.

[9] *Id*. at 16, 24.

[10] *Id*. at 22.

II. DISCUSSION

Spoliation is the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for its destruction.[11] In the Tenth Circuit, spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of evidence.[12] But an adverse-inference jury instruction is only appropriate if the spoliating party intentionally destroyed evidence or acted in bad faith.[13] Mere negligence in losing or destroying evidence is not enough.[14] The moving party bears the burden of proving spoliation sanctions are appropriate.[15]

If spoliation has occurred, the Court may impose a variety of sanctions including dismissal, default judgment, preclusion of evidence, imposition of an adverse inference, or assessment of attorney's fees and costs.[16] The severity of the sanction should correspond to the willfulness of the spoliator's destructive act and the prejudice suffered by the non-spoliating party.[17]

A. DUTY TO PRESERVE EVIDENCE

As to the first element of spoliation, Plaintiff clearly had a duty to preserve the can. Plaintiff knew—or at the very least, should have known—that litigation was imminent because Plaintiff hired counsel the day after the accident. Plaintiff even admitted to taking pictures in anticipation

---

[11] *Moreno v. Taos Cnty. Bd. Of Comm'rs*, 587 F. App'x 442, 444 (10th Cir. 2014).

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *See e.g., Rains v. Westminster Coll.*, No. 2:20-cv-00520, 2023 WL 2894506, at *2 (D. Utah Apr. 11, 2023).

[16] *Fox v. Steepwater LLC*, No. 2:16-cv-796 BCW, 2018 WL 2208308, at *2 (D. Utah May 14, 2018) (collecting cases).

[17] *Id*.

of hiring an attorney.[18] Not only did Plaintiff know litigation was imminent, he also apparently knew he had a duty to preserve evidence; a preservation letter was sent to Werner within two weeks of the accident. Thus, the first element of spoliation is met.

B. ACTUAL PREJUDICE TO WERNER

The determination of whether a party seeking spoliation sanctions has been prejudiced turns on the specific facts of the case, and relevance is a necessary component of proving such prejudice.[19] It is not enough for a party seeking spoliation sanctions to raise an issue of theoretical prejudice, i.e., that prejudice cannot be known because the documents and information no longer exist.[20] This is true in any instance involving the destruction of evidence. Rather, a party must present evidence of actual prejudice. A party suffers actual prejudice when the spoliated evidence goes to a critical issue and the evidence at hand is conflicting.[21] When a non-spoliating party has other sources of information such as pre-spoliation photographic evidence, courts have found that there is no actual prejudice.[22]

Important to the analysis is who bears the burden of proof to demonstrate that sanctions are appropriate. In this case, Werner bears the burden as the moving party. Werner has made clear why the can is relevant to the case. The can is the main mechanism that allegedly caused Plaintiff's

---

[18] Docket No. 63-1 at 12–13, 16.

[19] *Bloom v. Toliver*, No. 12-cv-169-JED-FHM, 2015 WL 5344360, at *2 (N.D. Okla. Sept. 14, 2015) (citing *Henning v. Union Pac. R.R.*, 530 F.3d 1206, 1219–20 (10th Cir. 2008)).

[20] *Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2012 WL 2370110, at *3 (D. Kan. June 21, 2012) (citing *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1150 (10th Cir. 2009)).

[21] *Pepe v. Casa Blanca Inn & Suites LLC*, No. 18-cv-476-NDF-KHR, 2020 WL 5219391, at *3 (D.N.M. Apr. 10, 2020).

[22] See *McCauley v. Bd. Of Comm'rs for Bernalillo Cnty.*, 603 F. App'x 730, 736 (10th Cir. 2015) (finding no spoliation because the party had access to other evidence), but see *Pepe*, 2020 WL 5219391, at *3 (pre-spoliation photographic evidence does not necessarily equate to theoretical, rather than actual, prejudice).

injuries in the crash. However, Werner has other sources of information about the post-accident condition of the can. Plaintiff took at least five photos of the can in his truck following the accident.[23] Additionally, Plaintiff located an exemplar can on eBay. He testified that the exemplar can is identical to the one located in his truck. Photographic evidence supports this testimony.[24]

Werner asserts that there is no way to verify whether the exemplar can is made of the same material as the original can or if the dimensions are the same. But Werner, as the party bearing the burden of proof here, fails to provide evidence to counter Plaintiff's testimony that the exemplar can is identical to his original can. Since Werner bears the burden of proving actual prejudice, and it has failed to adequately explain how the photographic evidence and the exemplar can are insufficient for Werner's purposes, the Court finds that there is little, if any, actual prejudice to Werner.

C. BAD FAITH

To receive an adverse inference jury instruction, Werner must also prove that Plaintiff acted intentionally or in bad faith. Werner makes several arguments as to bad faith—the primary one being that Plaintiff acted in bad faith because he gave conflicting testimony in his written discovery responses and at his deposition about the timeline of when he possessed the can. Although it probably would have been better practice for Plaintiff to amend his written discovery responses as soon as he realized there was an error in his testimony than to wait until his deposition, there is not enough evidence that Plaintiff intentionally failed to preserve the can or acted in bad faith. Plaintiff even went out of his way to locate a similar, if not identical, exemplar can for Defendant's expert to use in evaluating causation. The Court finds a lack of identifiable bad faith

---

[23] Docket No. 63-1, at 16.

[24] *See* Docket No. 66, at 4 (displaying images of the original and exemplar cans).

5

in this scenario. Additional arguments such as common sense and inferred knowledge of the duty to preserve evidence also do not rise to the level of bad faith in the Court's view. Since bad faith has not been shown, an adverse inference jury instruction is inappropriate in this case and the Court need not address the applicability of the unclean hands doctrine.

### III. CONCLUSION

While the first element of spoliation—duty to preserve evidence—is met, the Court finds little to no proof of actual prejudice against Werner and a lack of bad faith that would warrant an adverse inference jury instruction. As a result, the only appropriate sanction, if any, would be a neutral jury instruction explaining that the can is gone, and that the jurors can make any inference(s) they wish. In the Court's opinion, however, that decision (which would greatly benefit from the facts and context of trial) is best left to District Judge Nuffer to make as a motion in limine or at trial. The Court DENIES Defendant's other requested sanctions.

For the reasons discussed, it is hereby ORDERED that Defendant's Motion for Sanctions, Docket No. 63, is DENIED.

SO ORDERED this 29th day of November, 2023.

_____
PAUL KOHLER
United States Magistrate Judge

6